The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission reverses the Deputy Commissioners denial of benefits and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employer-employee relationship existed between the defendant-employer and the plaintiff-employee at all relevant times.
3. The defendant-employer was an approved self-insured through the North Carolina Home Builders Association.
4. The issues to be determined by the Commission are (a) whether plaintiff sustained an injury by accident while in the course and scope of his employment with defendant-employer; and (b) if so, what, if any, workers compensation benefits is he entitled to receive.
 ***********
Based upon the evidence and the reasonable inferences flowing therefrom, the Full Commission finds facts as follows:
 FINDINGS OF FACT
1. Plaintiff was a forty-one year old construction worker at the time of the hearing before the Deputy Commissioner.
2. On May 13, 1997, plaintiff was working for defendant-employer on the construction of a Bojangles restaurant in Charlotte.
3. On May 13, 1997, plaintiff was removing some black tar paper from one of the walls of the building under construction when he noticed a large number of spiders in the area where he was working. Plaintiff testified that he felt something in his pants rub against his leg, and then around 11:30 am, plaintiff told his supervisor and co-workers that he thought he had been bitten by a spider. Plaintiff had a red spot on his leg, which could have been a spider bite. Plaintiff and a co-worker indicated they saw a large number of spiders in the area where plaintiff was working after they removed the black tar paper to uncover the area in which they were to do some additional framing work. The Full Commission finds that it was a spider bite, most likely from a brown recluse spider.
4. Plaintiffs leg got worse by the end of the day. He had difficulty in walking and had a very high temperature.
5. Plaintiff went to the Cabarrus Memorial Hospital emergency room on May 15, 1997 with complaints of swelling and redness in left leg along with fevers, chills, and night sweats following an insect or spider bite. Plaintiff was diagnosed as left lower extremity cellulitis with some streaking proximally. Plaintiff sought and received medical treatment on May 16, 1997, at which time he again stated that he thought that he had been bitten by a spider on May 13, 1997.
6. The plaintiff was seen by Dr. Janosko at Cabarrus Memorial Hospital approximately 24 hours after having been seen in the emergency room. Dr. Janosko admitted the plaintiff to the hospital with complaints of worsening symptoms and tenderness and pain not well controlled with Lortab.
7. Dr. Janosko found a small puncture wound at the site of the bite, but no sign of abscess or necrosis at the time of plaintiffs admission to the hospital. The discharge summary of Dr. Janosko stated that the plaintiffs symptoms were secondary to an insect or spider bite and that the symptoms were still present at the time of discharge although they were significantly improved. The plaintiff was released from the hospital on May 20, 1997 and sent to outpatient Keflex therapy.
8. Plaintiff went back to Dr. Janosko on June 1, 1997 complaining of pain due to reoccurrence of abscess in his lower left leg. Plaintiff was referred to Dr. Krusell for infectious disease consultation. He was admitted and treated with intravenous antibiotics, whirlpool therapy, some debridement by the surgeons, leg elevation, and pain control. The wound improved but was discolored at the time of discharge. Plaintiff was discharged June 8, 1997 and treated as an outpatient with wet to dry changes twice daily by home health as well as pain medicine control. Plaintiff was to follow up in a week in Dr. Igleharts clinic for debridement and then to return in three weeks.
9. Plaintiff was seen again on July 15, 1997. The report from that visit indicates minimal granulation tissue from the abscess and that plaintiff should return to all activities. The wound will close in without further treatment.
10. The conditions at the work site were such that it provided a good habitat for attracting spiders. The building was not finished and the construction site, partially covered by black tar paper, was dark, damp, uninhabited and provided good habitat for insects and spiders. Plaintiffs duties required him to reach in and around the unfinished construction which placed him at a greater risk of being bitten than the general public.
11. John Patrick Dunbar testified by deposition. Mr. Dunbar is the regional manager of Terminix, supervising 9 offices and 150 persons. He is a graduate of Clemson University with a bachelors degree in biology and a masters degree in entomology. He has been a practicing entomologist for 25 years. Spiders like dark, hidden places during the daytime. The symptoms exhibited by plaintiff resembled the effects of a bite by a brown recluse spider. It was Mr. Dunbars opinion that a construction site such as the one where plaintiff was bitten, and the actions of a construction worker in removing tar paper at such a site, provided a greater risk of spider bites than the risks of a spider bite to the public generally.
12. Plaintiff was earning $9.00 per hour as of May 13, 1997. He returned to work for another employer on or about July 28, 1997, earning $18.00 per hour.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff suffered an injury by accident while in the course and scope of his employment with defendant-employer when a spider bit him while he was working. His employment placed him at an increased risk of spider bites. N.C. Gen. Stat. 97-2(6)
2. The plaintiff is entitled to be paid temporary total disability benefits from May 14, 1997 through July 16, 1997 at the compensation rate of $240.00 per week. This is calculated from an average weekly wage of $360.00 based on a 40 hour week at $9.00 per hour. N.C. Gen. Stat. 97-29.
3. Plaintiff is entitled to have the defendant pay medical expenses incurred as a result of the compensable injury which were reasonably required to effect a cure, give relief or tend to lessen the period of disability. N.C. Gen. Stat. 97-25.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay temporary total disability compensation to plaintiff at the compensation rate of $240.00 a week for the period from May 14, 1997 through July 16, 1997. This compensation has accrued and shall be paid in a lump sum to plaintiff, subject to the attorneys fee approved hereinafter. Interest at 8% per year shall be paid from the date of the hearing before the Deputy Commissioner.
2. Defendants shall pay all medical expenses incurred as a result of plaintiffs compensable injury that were reasonably necessary to effect a cure, give relief or tend to lessen the period of disability.
3. A reasonable attorneys fee in the amount of twenty-five percent of the compensation due plaintiff under paragraph 1 of this Award is approved for plaintiffs counsel and shall be deducted from the compensation due plaintiff and paid directly to plaintiffs counsel.
4. Defendants shall pay the costs, including a $300.00 witness fee to John Patrick Dunbar.
This 9th day of June 2000.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING:
S/_______________ DIANNE C. SELLERS COMMISSIONER